IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  15-cv-0549-GPG

ARLUS DANIEL, JR.,

      Petitioner,

v.

RAEMISH, Executive Director, Colorado Department of Corrections, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER OF DISMISSAL

---

      Applicant, Arlus Daniel, Jr., initiated this action on March 17, 2015 by filing *pro se*

an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1).

On March 25, 2015, Respondents filed a Pre-Answer Response in accordance with this

Court's March 18, 2015 Order (ECF No. 3).

      The Court must construe the amended application liberally because Mr. Daniel is

not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be

an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, the action will be dismissed.

      Mr. Daniel is challenging the validity of his conviction in case 05CR384 in the

Larimer County District Court.  His sole claim is an ineffective-assistance claim based on

trial counsel's failure to raise certain defenses.  This Court lacks jurisdiction to consider

the claim because Mr. Daniel previously has filed a habeas corpus action challenging the

validity of that same judgment.

In this regard, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244 provides in relevant part as follows

2244. Finality of determination

(a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

(b)   (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)   (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)   (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(a)-(c).

Applicant filed a prior application under section 2254 attacking the same conviction and judgment in this Court at *Daniel v. Trani*, Civil No. 11-03093-BNB (D. Colo. May 22, 2012), *appeal dismissed*, 511 F. App'x 794 (10th Cir. 2013), *cert. denied*,

134 S.Ct. 475 (2013).  Thus, this case turns on the meaning of the phrase "second or successive" in § 2244(b). This Court determined Mr. Daniel's claims in case number 11-cv-03093-BNB were barred by the one-year limitation period and dismissed the action as untimely.  Therefore, the application in this action is a second or successive application. *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam) (holding that "[t]he dismissal of Mr. Rains's first habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements."); *McDowell v. Zavaras*, 417 F. App'x 755 (10th Cir. 2011) (same).

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Daniel must apply to the United States Court of Appeals for the Tenth Circuit for an order authorizing this Court to consider his second or successive claims.  *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam).  In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See id*. at 1251.  An applicant seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."  28 U.S.C. §

3

2244(b)(2)(B).

Mr. Daniel does not allege that he has obtained authorization from the Tenth Circuit to file a second or successive § 2254 application.  Therefore, the Court must either dismiss the second or successive claims for lack of jurisdiction or, if it is in the interest of justice, transfer the application to the Tenth Circuit pursuant to 28 U.S.C. § 1631.  *In re Cline*, 531 F.3d at 1252.  The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251.  When "there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter."  *Id.* at 1252.

Mr. Daniel fails to demonstrate that his second or successive claims are based on either a new rule of constitutional law or newly discovered evidence as required pursuant to § 2244(b)(2).  Therefore, the Court finds that a transfer is not in the interest of justice for that reason alone.  *See id.*

Consideration of the other relevant factors also supports this conclusion. Although it appears that Mr. Daniel's second or successive claims would be time-barred if filed anew in the proper forum, it also appears that the claims would be time-barred even if Mr. Daniel had sought proper authorization prior to filing in this Court.  There also is no indication that the second or successive claims have any merit.  Finally, it was clear when the instant action was filed that this Court lacks jurisdiction over Mr. Daniel's

4

second or successive claims.  As a result, the Court finds that a transfer of this action to

the Tenth Circuit is not in the interest of justice.  Instead, the second or successive

claims also will be dismissed for lack of jurisdiction.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any

appeal from this order would not be taken in good faith and therefore *in forma pauperis*

status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369

U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505

appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App.

P. 24.  Accordingly, it is

**ORDERED** that the habeas corpus application (ECF No. 1) is **DENIED** and the

action is **DISMISSED** for the reasons stated in this order.  It is

**FURTHER ORDERED** that no certificate of appealability will issue because

Applicant has not made a substantial showing of the denial of a constitutional right.  It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is

denied without prejudice to the filing of a motion seeking leave to proceed *in forma*

*pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this __17th__ day of ___April_____, 2015.

BY THE COURT:


   __s/Lewis T. Babcock_____
   LEWIS T. BABCOCK, Senior Judge
   United States District Court